# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOEL CHRISTOPHER HOLMES, | CASE NO. C17-5145 RJB |
| Plaintiff, | |
| v. | ORDER ON REVIEW OF REFUSAL TO RECUSE |
| MAGGIE MILLER-STOUT, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to recuse U.S. District Judge Robert J.. Bryan. Dkt. #13. Upon review of the motion, Judge Bryan declined to recuse himself. Dkt. #15. In accordance with the Local Rules of this District, Plaintiff's motion was referred to the Undersigned for a review of Judge Bryan's refusal to recuse. LCR 3(e).

Plaintiff bases his motion to recuse on two grounds: (1) his allegation that he has been accused of threatening Judge Bryan and other public officials, and (2) his conclusory allegation that Judge Bryan is "hostile to Prisoner 'Civil Rights' Litigation." Dkt. #3 at 1.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

ORDER ON REVIEW OF REFUSAL TO RECUSE- 1

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

A judge's conduct in the context of this or previous judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued adverse rulings against a party.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced decisions or that the judge's rulings were so irrational that they must be the result of prejudice. Plaintiff provides no evidence to indicate that Judge Bryan was even aware that he was the object of any suspected "threats" or other communications by Plaintiff (nor does it appear that Plaintiff was charged with any crime as a result of these alleged "threats"), so there is nothing upon which to base a finding of bias or impartiality on the presiding judge's part.

ORDER ON REVIEW OF REFUSAL TO RECUSE-
2

Plaintiff does not allege any <u>facts</u> outside the record that improperly influenced the decisions in his matter. Nor are Plaintiff's vague, unsupported observations about Judge Bryan's alleged "hostility" to prison civil rights litigation adequate to justify an order of recusal. Outside of his general, conclusory accusations, Plaintiff cites to no specific rulings that are either outlandish or irrational or in any way give rise to an inference of bias or hostility toward Plaintiff. On the contrary: in the same order in which Judge Bryan declines to voluntarily recuse, he granted Plaintiff's motion to amend his complaint and partially granted his motion for service by the U.S. Marshals. Dkt. #15 at 2-3.

The Court finds no evidence upon which to reasonably question Judge Bryan's impartiality and AFFIRMS his denial of Plaintiff's request that he recuse himself.

The Clerk SHALL provide copies of this Order to Plaintiff and to all counsel of record.

Dated this <u>12</u> day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE