UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEL CHRISTOPHER HOLMES,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MAGGIE MILLER-STOUT, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 3:17-cv-05145-RJB<br><br>ORDER ON MOTIONS FOR RECONSIDERATION |

THIS MATTER comes before the Court on Defendants' Motion for Reconsideration (Dkt. 43) and Plaintiff's Motion for Reconsideration (Dkt. 47). The Court has reviewed the motions and the remainder of the file herein.

A. Background.

This case centers on whether Department of Corrections (DOC) staff retaliated against Plaintiff in violation of the First Amendment, by disciplining Plaintiff for sending a kiosk message to DOC staff. After DOC threatened to cut Plaintiff's hair, which would violate a tenet of Plaintiff's Rastafarian faith, Plaintiff sent Defendant Kerry Lawrence the following kiosk message:

ORDER ON MOTIONS FOR RECONSIDERATION - 1

riot at Stafford Creek. Maybe there will be one here if the South African born Douglas attempts to my hair again—or you and Inslee will all lose your jobs. I have had enough. The US SUP CT has accepted a case on the Issue-Holv V. Hobbs and prison hair. [*sic*]

Dkt. 31-1 at 13. Based on that kiosk message, Defendant Kerry Lawrence wrote an Initial Serious Infraction Report recommending pre-hearing confinement for threatening an officer in violation of "WAC 506." Dkt. 31-1 at 12. *See* WAC 137-35-030 ("506—Threatening another with bodily harm or with any offense against any person or property").

Defendants sought summary judgment of dismissal on all claims, a motion that was granted as to all claims except Plaintiff's First Amendment retaliation claim against Defendant Lawrence. Dkt. 41 at 14.

B. Plaintiff's Motion for Reconsideration (Dkt. 47).

Plaintiff's motion is not clearly organized, and it is unclear exactly what Plaintiff portion of the Order on Motion for Summary Judgment Plaintiff seeks to be reconsidered. *See* Dkt. 47 at 1. It also appears Plaintiff may intend his "motion" to be construed as a supplemental Response to Defendant's Motion for Reconsideration, where Plaintiff writes, "Plaintiff hereby responds with a Motion for Reconsideration, and Answer, of his own." Dkt. 47 at 1.

Nonetheless, by construing Plaintiff's motion generously, it would appear that Plaintiff raises the issue of how inmate speech should be analyzed under the First Amendment. *See* Dkt. 47 at 1, 2. Plaintiff argues that analyzing whether an inmate has made a threat should be considered not from the subjective standpoint of the listener, but from the objective standpoint of the speaker, who must show a specific intent to communicate a true threat. *Id*. Plaintiff argues that, in this case, despite the DOC officer's subjective belief to the contrary, Plaintiff's kiosk message was not a threat. *Id*.

Plaintiff's argument, that the Court should analyze the First Amendment retaliation claim from the standpoint of the speaker, may have bearing on the initial prima facie showing, which considers, *inter alia*, whether the inmate's speech was protected. *See* Dkt. 41 at 8, 9. But even assuming that the speaker's intent is relevant to the prima facie showing, Plaintiff has overlooked the rest of the qualified immunity analysis, which considers whether conduct violated clearly established law. It was (and is) not clearly established law that an officer cannot discipline an inmate for a written kiosk message reasonably and subjectively perceived to be a safety threat, under circumstances where the inmate did not subjectively intend for the message to be a threat.

Plaintiff's Motion for Reconsideration (Dkt. 47) is HEREBY DENIED.

C. Defendants' Motion for Reconsideration (Dkt. 43).

The Court's Order denied barring the First Amendment retaliation claim on qualified immunity grounds because, "it was clearly established that a general, non-criminal threat, written in the context of an inmate grievance, was not a legitimate basis to justify [discipline]." Dkt. 41 at 12. Defendants' Motion for Reconsideration asks the Court to revisit that finding, because it "relied heavily upon the fact that Plaintiff was punished for language in a grievance[,] [h]owever, the language . . . was contained in a kiosk message, not a grievance." Dkt. 43 at 1, 2.

Defendants have supplemented the record with the declarations of DOC staff explaining the distinctions between two communications systems: kiosks, an electronic "kite" system allowing for inmates and individual officers to directly communicate with each other, and the Offender Grievance Program, a formalized structure for written inmate grievances. Dkt. 44 at ¶5; Dkt. 45 at ¶8. Under the rules of the Offender Grievance Program, "grievance staff will not accept complaints . . . submitted by an [inmate] through a kite and a kiosk message." *Id*.

It appears that Plaintiff responded to Defendants' motion by filing an Affidavit. *See* Dkt. 50. Plaintiff's Response repeats the argument that Plaintiff did not intend his kiosk message to be construed as a threat. Dkt. 50. This argument does not counter Defendants' motion.

The Court finds that the difference between kiosk messages and written grievances, now made plain by the supplements to the record, changes the outcome of the Court's qualified immunity analysis. The Court's Order relied on *Bradley v. Hall*, 64 F.3d 1276 (9th Cir. 1995) for the rule that "prison officials may not punish an inmate merely for using 'hostile, sexual, abusive, or threatening' language in a written grievance. *Id*. at 1281-82. Recent Ninth Circuit precedent, *Entler v. Gregoire*, 872 F.3d 1031 (9th Cir. 2017), confirms that the *Bradley* rule applies to writings other than formal grievances. In *Entler*, the plaintiff-inmate was disciplined for writing threatening "kites" and "letters" to officers. *Id.* at 1034-48. The *Entler* court chastised the lower court for drawing a distinction between "formal and informal grievances [which] has no constitutional underpinning[.]" *Id*. at 1039.

*Entler* relied on a footnote in *Brodheim v. Cry*, 584 F.3d 1262, 1267 n.4 (9th Cir. 2009) for the rule that "the applicability of the constitutional right to redress grievances does not hinge on the label the prison places on a particular complaint.'" 872 F.3d at 1039. *Brodheim* was good law at the time of this case. In *Brodheim*, the footnote in broader context reads:

> "The applicability of the constitutional right to redress of [*sic*] grievances does not hinge on the label the prison places on a particular complaint. It is clear that [the plaintiff's] interview request—a challenge to an adverse ruling on his complaint—<u>was part of the grievance process, and thus was protected activity</u>.

*Brodheim*, 584 F.3d at 1267 n. 4. (emphasis added).

At the time of this case, which arises from conduct in 2014, it was clearly established law that officers could not discipline inmates for filing grievances <u>or</u> grievance-like writings. Applied here, the kiosk message was undisputedly not a grievance, nor was its content grievance-like. *See*

Dkt. 31-1 at 13. Defendant Lawrence is therefore shielded by qualified immunity, and the First Amendment retaliation claim should be dismissed. To that extent, the Court's prior Order should be amended and Defendants' motion should be granted.

* * *

THEREFORE, it is HEREBY ORDERED:

(1) Plaintiff's Motion for Reconsideration (Dkt. 47) is DENIED.

(2) Defendants' Motion for Reconsideration (Dkt. 43) is GRANTED.

(3) The Order on Defendants' Motion for Summary Judgment (Dkt. 41) is HEREBY AMENDED to dismiss the First Amendment claim for retaliation claim against Defendant Kerry Lawrence.

(4) There being no remaining claims pending in the case (*see* Dkt. 41), this case is DISMISSED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of February, 2018.

ROBERT J. BRYAN
United States District Judge